IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE HOMESTEADER'S STORE, INC.,

                        Plaintiff,

v.

KUBOTA TRACTOR CORPORATION,

                        Defendant.

OPINION and ORDER

24-cv-23-jdp

---

Plaintiff Homesteader's Store Inc., an authorized dealer of defendant Kubota Tractor Corp., sued to enjoin defendant's termination of plaintiff's dealership. Defendant has moved to compel plaintiff to produce a document that plaintiff's president, Rick DeYoung, brought to the witness stand during his testimony at the preliminary injunction hearing. For the reasons below, the motion is DENIED.

FACTUAL BACKGROUND

The court held a preliminary injunction hearing on April 2, 2024, during which DeYoung brought to the witness stand a binder that contained the document in question. Dkt. 62 at 63:5–9. After DeYoung testified for approximately seven pages, defendant's counsel interjected and asked to obtain "a copy of what [DeYoung was] looking at[.]" *Id.* The following exchange ensued:

> DEFENDANT'S COUNSEL: Your Honor, may I ask for a copy of what the witness is looking at, the exhibit? We don't have a copy of what the witness is looking at.
>
> THE COURT: What do you have up there with you?
>
> THE WITNESS: Just my notes.
>
> DEFENDANT'S COUNSEL: I --

>THE COURT: We'll get you a copy afterwards.
>
>DEFENDANT'S COUNSEL: Okay.
>
>PLAINTIFF'S COUNSEL: Do you object to him using the notes?
>
>DEFENDANT'S COUNSEL: Well, certainly I do.
>
>PLAINTIFF'S COUNSEL: He doesn't need them.
>
>THE COURT: What would the objection be?
>
>DEFENDANT'S COUNSEL: Well, I would imagine that if direct examination should be organic and not based upon -- if that's sort of a script --
>
>THE COURT: I think the actual objection is that it's effectively leading if he's got a script up there that he's following.
>
>PLAINTIFF'S COUNSEL: Then just close your binder.
>
>THE WITNESS: Okay.

*Id.* at 63:5–24.

Nothing further was said about the document at the hearing, *id.*, and defendant did not receive a copy of the document after.  Dkt. 79 at 3.

On June 5, 2024, defendant served a request for production seeking "A copy of the notes that Rick DeYoung brought to the witness stand at the evidentiary hearing on April 2, 2024, and any drafts or prior iterations thereof."  Dkt. 80-2 at 8 (No. 14).  Plaintiff objected and stated the outline was subject to the attorney-client privilege and the attorney work product doctrine.  Dkt. 80-3 at 6.  Specifically, plaintiff asserted that "[t]he material was prepared in conjunction with and at the direction of counsel for the purpose of providing legal advice."  *Id.*  During an email meet-and-confer, plaintiff offered to produce the "portion of the outline that relates to the testimony given by [DeYoung] up to the point when [defendant's counsel] objected[.]"  Dkt. 83-2.  At an impasse, defendant filed this motion.

In response to the motion, plaintiff filed declarations from DeYoung and counsel. Counsel averred that he collaborated with DeYoung in creating the document in preparation for the evidentiary hearing. Dkt. 83. DeYoung confirmed that account, averring that he "collaborated with . . . counsel in creating an outline of [his] testimony for use in preparation for the Hearing," and that he "did not refer to or use the [document] in any way to refresh [his] recollection as to facts, events or other matters while testifying at the Hearing." Dkt. 82.

LEGAL STANDARDS

Defendant argues that it is entitled to the document under Federal Rule of Evidence 612, or, failing that, because the outline was not privileged or because any privilege was waived. Dkt. 79 at 4, 7, 9. Plaintiff disagrees. Dkt. 81 at 4–5. These arguments touch on rules governing privilege, waiver, and evidence.

Both the attorney-client privilege and the work-product doctrine can shield information from discovery. The party invoking the privilege to resist discovery bears the burden of establishing that the privilege applies and that it was not waived. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997); *see R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99 C 1174, 2001 WL 1571447, at *2 (N.D. Ill. Dec. 7, 2001). To show the attorney-client privilege applies to a communication, the party must show that a communication with an attorney was made for the purpose of obtaining or providing legal advice and intended to be and was kept confidential. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). To show the work-production protection applies, the party must show that a "document[ was] . . . prepared in anticipation of litigation or for trial by . . . [a] party or its representative." Fed. R. Civ. P. 26(b)(3)(A).

Both the attorney-client privilege and the work-product protections can be waived. *Ott v. City of Milwaukee*, 291 F.R.D. 151, 155 (E.D. Wis. 2013). In particular, a witness can waive privilege over a document when using that document to provide testimony. *See Cunningham v. McBride*, No. 3:21-CV-247-MAB, 2023 WL 7300083, at *3 (S.D. Ill. Nov. 6, 2023). "[P]artial reliance only waive[s] the privilege with respect to matters covered by the witness. Undisclosed work product remains protected." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1026 (7th Cir. 2012) (citing *United States v. Nobels*, 422 U.S. 225, 239 (1974)) (internal quotations and citation omitted).

Federal Rule of Evidence 612 intersects with these doctrines under certain circumstances. The relevant portion of that rule states that, if a witness uses a writing to refresh their memory while testifying, an adverse party is entitled to have the writing produced at the hearing. Fed. R. Evid. 612. The purpose of rule 612 is "to facilitate testing the witness's credibility and memory as it relates to her testimony" by inspecting the document to note discrepancies between it and the testimony. *Africano v. Atrium Med. Corp.*, No. 17 CV 7238, 2019 WL 1294642, at *2 (N.D. Ill. Mar. 21, 2019). The document must be produced over objections that it is privileged or otherwise protected because the affirmative act of using a document to refresh memory is waiver of privilege and protection. *Cunningham*, 2023 WL 7300083 at *3.

## ANALYSIS

The court starts with the threshold question of whether either the attorney-client privilege or the work-product protections apply and concludes that they do. The record supports that the document was an outline created by DeYoung and plaintiff's counsel to prepare DeYoung to give testimony at the injunction hearing. Dkt. 82 & Dkt. 83. This is

4

quintessential work product. Also, to the extent the outline reflects advice counsel shared with DeYoung in preparing for the hearing, it reflects privileged communications between DeYoung and plaintiff's counsel. These points are not meaningfully questioned by defendants.

The more salient question is whether the privilege and protections were waived because DeYoung carried the document to the witness stand with him. This is a close call, but the court concludes that the protections were not waived. The record reflects that DeYoung had the document with him on the witness stand—he apparently had it in an open binder. Dkt. 62 at 63:5–9. But other than that, all evidence in the record supports that he did not use the document in giving his testimony.[1] In fact, counsel objected to his use of the document, and the objection was successful in that DeYoung closed the binder and nothing more was said about it. *Id.* at 63:13–24. Had defendant's counsel wanted to press the issue, counsel should have asked to admit the document into evidence. The court could have revisited the issue then at the hearing.[2] As it stands, the record simply does not support the notion that DeYoung used

---

[1] DeYoung submitted sworn testimony that he did not refer to or use the document in any way to refresh his recollection as to facts, events or other matters while testifying. Dkt. 82. Defendant asserted in support of its motion that "[d]uring [DeYoung's] testimony, it became clear to KTC's counsel that Mr. DeYoung was frequently consulting a document[,]" but this statement is not supported by sworn testimony. Dkt. 79 at 2. And the record otherwise supports DeYoung's version of events—there is no express record of him consulting the document or otherwise referring to notes during his testimony.

[2] The court has considered whether the statement made by Judge Peterson at the hearing that "We'll get you a copy afterwards," Dkt. 62 at 63:11, constituted some sort of order or edict and has concluded that it did not. That statement was immediately followed by defendant's counsel's objecting to any use of the document at the hearing and the witness then setting the document aside. Having essentially prevailed on the objection for the witness to not use the document, defendant cannot now rely on its use as a basis for the document's disclosure.

the document or divulged its contents. Without use of or reliance on the document, there is no waiver.[3]

This waiver analysis resolves the Rule 612 question. That rule applies only when a document is used to refresh a witness's recollection. We do not have that scenario here. While some courts have applied the rule to situations where the witness sua sponte refers to a document, *Cunningham*, 2023 WL 7300083 at *3, we do not have that scenario either. Rule 612 is inapplicable, so its waiver similarly does not apply.

### ORDER

IT IS ORDERED that:

1. Defendant's motion to compel, Dkt. 79, is DENIED. The parties bear their own costs on this motion.

Entered October 4, 2024.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge

---

[3] Because there is no waiver, not even partial, plaintiff need not produce even a redacted version of the outline as it proposed.